# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN K. BOROWSKI, JR.,

          Plaintiff,

v.

JULIE A. MAULE and TODD K. MARTENS,

          Defendants.

Case No. 21-CV-775-JPS

**ORDER**

      Plaintiff John K. Borowski, Jr., proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a plaintiff to proceed without paying the $402 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). Upon screening the plaintiff's complaint, the Court must dismiss the action if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Order addresses Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

1.     **MOTION TO PROCEED IN FORMA PAUPERIS**

      On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such

privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Plaintiff avers that he is unemployed; he lost his job during the pandemic, and his wife has been unable to work due to epilepsy. (Docket #2 at 1, 4). Plaintiff's primary source of income in the last twelve months has been from the pandemic assistance program, in the amount of $1,600. (*Id.* at 2). Plaintiff's monthly expenses are $2055.33. (*Id.*) He has a house that is worth approximately $270,000, but a mortgage that totals $320,000. (*Id.*) He financially supports his teenaged daughter. (*Id.* at 1). His assets consist of a 2015 Chevrolet Cruze worth $2,100, and approximately $705.14 in his wife's checking account. (*Id.* at 3–4). On these averments, the Court finds that Plaintiff is indigent. However, the inquiry does not end there—when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**2.  SCREENING STANDARDS**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that he is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only

"give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

3.     **RELEVANT ALLEGATIONS**

This case arises from a domestic abuse injunction filed against Plaintiff on June 16, 2020 in Washington County Circuit Court. Plaintiff was never served. However, he became aware of the petition for injunction when he was reviewing CCAP for a "non-related issue." (Docket #1 at 4).

Plaintiff filed an objection to venue and intended to lodge additional objections at a hearing. Unfortunately, Plaintiff contracted COVID-19, and was unable to appear at court in-person for the injunction hearing. He provided his contact information to the court, but he was never contacted. Plaintiff alleges that on July 24, 2020, Court Commissioner Julie A. Maule ("Maule") entered an injunction *in absentia* over Plaintiff's written objections. Plaintiff filed a motion to vacate the injunction on July 30, 2020.

The next day, at a firearm surrender hearing, Maule continued to ignore Plaintiff's various objections and requests to vacate the injunction. The case was then transferred to Circuit Court Judge Todd Martens

("Martens"), who also ignored Plaintiff's various requests for relief. Plaintiff hired counsel to assist him in his efforts, but to no avail. Neither Maule nor Martens issued an order on Plaintiff's motion to vacate the injunction.

4. ANALYSIS

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

There are limits to who can be held liable for a constitutional violation under Section 1983, however. It is well settled that judges are absolutely immune from civil liability for actions taken in the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). Court commissioners who exercise discretion in their duties have the same judicial immunity as circuit court judges. *Myrick v. Greenwood*, 856 F.3d 487, 489 (7th Cir. 2017) (Posner, J., concurring); *Brunson v. Murray*, 843 F.3d 698, 711–12 (7th Cir. 2016); *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999) (finding immunity for commissioners who "perform duties functionally comparable to those of a judicial officer.").

In this case, Plaintiff seeks to sue Maule, a court commissioner acting as a judge, and Martens, a judge, for due process violations that occurred during a domestic violence proceeding over which they presided. Defendants are immune from suit for actions taken in the performance of their judicial functions, and therefore, the Court is obliged to dismiss this

action. Better recourse for Plaintiff might be found through the appeals process of state court.

## 5. CONCLUSION

For the reasons stated herein, Plaintiff's motion for leave to proceed *in forma pauperis* will be denied, and his case will be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge